UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN GEORGE SESSINE,

        Petitioner,

vs.                                            Case No.:    3:14-cv-710-J-34JBT
                                                                        3:13-cr-137-J-34JBT
UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner John George Sessine's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1, Motion to Vacate).[1] The United States has responded. (Civ. Doc. 7, Amended Response). Sessine did not file a reply, although the Court granted him leave to do so. (Civ. Doc. 3, Briefing Order). Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that an evidentiary hearing is not necessary to resolve the merits of this action. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts

---

[1] Citations to the record in the underlying criminal case, United States vs. John George Sessine, Case No. 3:13-cr-137-J-34JBT, will be denoted as "Crim. Doc. __." Citations to the record in the civil § 2255 case, Case No. 3:14-cv-710-J-34JBT, will be denoted as "Civ. Doc. __."

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

that he alleges are true, he still would not be entitled to any relief); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (concluding that a petitioner's ineffective assistance claim can be dismissed without an evidentiary hearing when the petitioner alleges facts that, even if true, would not entitle him to relief); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3]  For the reasons set forth below, Sessine's Motion to Vacate is due to be denied.

## I. Background

On July 11, 2013, a grand jury sitting in the Middle District of Florida returned an indictment charging Sessine with three counts of receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). (Crim. Doc. 1, Indictment at 1-3). Pursuant to a written plea agreement (Crim. Doc. 30, Plea Agreement), Sessine pled guilty to Count Two of the Indictment, and the United States agreed to dismiss Counts One and Three. Sessine participated in a change of plea hearing on December 13, 2013, where the Magistrate Judge advised Sessine of his constitutional rights, the nature of the charge to which he was pleading guilty, and the consequences of doing so, including the mandatory minimum and maximum sentences. (Crim. Doc. 39, Plea Transcript at 14-27). The prosecutor read aloud the factual basis, id. at 44-48, which Sessine admitted was true,

---

[3] Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

id. at 50. Sessine admitted to each element of the offense, stated that he pled guilty knowingly and freely, and affirmed that he was not induced to plead guilty by any threats or promises. Id. at 32-35, 50-51. Accordingly, the Court accepted Sessine's plea and adjudicated him guilty. (See Crim. Doc. 33, Acceptance of Plea).

Sessine appeared before the Court for sentencing on April 1, 2014. (See Crim. Doc. 40, Sentencing Transcript) ("Sentencing Tr."). Based on the presentence investigation report (PSR), the Court determined that Sessine's total offense level under the United States Sentencing Guidelines ("Guidelines") was 34 and his Criminal History Category was I, yielding an advisory sentencing range of between 151 and 188 months in prison. Id. at 4. Sessine presented substantial mitigation evidence pursuant to 18 U.S.C. § 3553(a)(1), pertaining to his personal history and characteristics, as well as the nature and circumstances of the offense. (See Crim. Doc. 34, Sentencing Memorandum). Sessine presented letters of support from family members (Crim. Doc. 34-1, Letters), as well as records from a commendable tenure in the military (Crim. Doc. 34-2, Military Records). Sessine argued that the Court should vary below the Guidelines range, taking into account that he had a history of suffering from depression; that he had been a caring father to his two daughters, one of whom has special needs; that he was remorseful; that he had never committed a contact offense against a child (nor did he have any other criminal record, for that matter); and according to one psychologist, Dr. Harry Krop, he was a good candidate for counseling. Sentencing Tr. at 17-26. Sessine further argued that because of his slight build and his age (Sessine was 59 years old at the time of sentencing), the Court should consider imposing a lesser sentence because incarceration would be harder on Sessine than it would be on a younger defendant. Id. at 25.

3

Additionally, Sessine argued that a sentence in the range of 151 to 188 months would exceed the sentence given to similarly situated defendants (see Crim. Doc. 34-3, Sentencing Case Law).

The mitigation evidence persuaded the Court to vary below the Guidelines range. The Court sentenced Sessine to a 75-month term of imprisonment, followed by ten years of supervised release. Id. at 27. The Court explained:

Looking at Mr. Sessine's personal history and his characteristics, the Court is of the view that the sentence imposed today of 75 months will – is entirely sufficient to reflect the seriousness of the offense and to accomplish both specific and general deterrence. It's probably more than necessary for specific deterrence, but there are other reasons for sentencing, including just punishment and including reflecting the seriousness of the offense.

And so the Court – although the Court has varied downward, the Court is simply firmly convinced that any more time would be more than is necessary to accomplish any of the purposes of sentencing, and so for that reason the Court has imposed a sentence of 75 months.

Id. at 30-31. Sessine raised no objection at the conclusion of the sentencing. Id. at 32-33. Thereafter, Sessine did not file a notice of appeal, so his conviction and sentence became final 14 days later, or on April 15, 2014. Sessine timely filed the instant Motion to Vacate on or about June 19, 2014.

## II. Sessine's Motion to Vacate

Sessine seems to raise four grounds in his Motion to Vacate. First, Sessine suggests that counsel was ineffective because she "didn't fight his case to the best of her knowledge or argue his 18 U.S.C. [§] 3553(a) factors to be considered at sentencing." Motion to Vacate at 1. Second, Sessine argues that counsel was ineffective for advising him that he would only be sentenced to a term of five years in prison, when in fact he received a sentence of 75 months (six years and three months) in prison. Id. at 1-2.

4

Third, Sessine seems to contend that his sentence is unlawful because the "Feeney Amendment," codified at 18 U.S.C. § 3553(b)(2), which requires a within-guidelines sentence in cases involving sexual offenses or crimes against children, is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005) (holding that mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment). In this regard, Sessine refers to a Seventh Circuit case in which the court found the Feeney Amendment to be unconstitutional. Sessine does not provide the case citation, but the Court recognizes that Sessine likely is referring to United States v. Grigg, 442 F.3d 560 (7th Cir. 2006), in which the Seventh Circuit did indeed hold that 18 U.S.C. § 3553(b)(2) is unconstitutional in light of Booker. Finally, Sessine generally seems to argue that the Court should reconsider his term of imprisonment based on a variety of sentencing factors, including the sentences given to other, allegedly similarly-situated defendants; the availability of a downward departure based on age or physical impairment, pursuant to U.S.S.G. § 5K2.22; the possibility of sentencing him to home confinement rather than incarceration under the Second Chance Act, codified at 42 U.S.C. § 17541; and the existence of other personal factors that the Court purportedly overlooked at sentencing. Motion to Vacate at 3-5.

**III.    Discussion**

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by

5

law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C §2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979). A petitioner's challenge to his sentence based on a Sixth Amendment claim of ineffective assistance of counsel is normally considered in a collateral attack. United States v. Teague, 953 F.2d 1525, 1534 n. 11 (11th Cir. 1992).

As with any Sixth Amendment ineffective assistance of counsel claim, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that his counsel's deficient performance sufficiently prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994). In determining whether the petitioner has satisfied the first requirement, i.e. that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks, 26 F.3d at 1036. The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "wide range of professionally competent assistance." Id. To satisfy the second requirement, that counsel's deficient performance prejudiced the defendant, the petitioner must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Id. at 1036-37 (citing Strickland, 466 U.S. at 694). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to

address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n. 1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

**A. Whether counsel failed to adequately argue Petitioner's § 3553(a) factors**

Sessine's first claim is that counsel gave ineffective assistance at sentencing because she "didn't fight the case to the best of her knowledge or argue his 18 U.S.C. § 3553(a) factors to be considered at sentencing." Motion to Vacate at 1. Sessine does not specifically identify what counsel did or failed to do, why counsel's performance was objectively unreasonable under Strickland, or why there is a reasonable probability Sessine would otherwise have received a lower sentence. This claim fails because it is refuted by the record, and particularly by the fact that counsel managed to secure a sentence that was significantly below Sessine's advisory Guidelines range.

Title 18, United States Code, Section 3553(a) sets forth the factors that a Court should consider when sentencing a defendant. These include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or correctional treatment; (3) the kinds of sentences available; (4) the sentencing ranges and types of sentences provided for by the United States Sentencing Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing

7

disparities; and (7) the need to provide victims with restitution. 18 U.S.C. § 3553(a)(1)-(7).

As noted earlier, counsel put forth significant mitigation evidence on Sessine's behalf pertaining to the nature and circumstances of the offense and the history and characteristics of the defendant. See generally, Sentencing Memorandum; Sentencing Tr. at 17-26. Counsel presented letters of support from family members, as well as records from a successful tenure in the military. Counsel argued that the Court should vary below the Guidelines range, taking into consideration that Sessine had long suffered from depression; that he had been a loving father to his children, one of whom has special needs; that he was remorseful; that he had never committed a contact offense against a child (nor did he have any other criminal record); and according to one psychologist, Sessine was a good candidate for counseling. Sentencing Tr. at 17-26. Counsel further argued that because of Sessine's slight build and his age (59 years old at the time of sentencing), the Court should consider imposing a lesser sentence because incarceration would be more devastating to Sessine than it would be to a younger defendant. Id. at 25.

In addition to raising these mitigating factors relating to Sessine's personal characteristics, counsel addressed the nature and circumstances of the offense. Counsel argued that the Guidelines overstated Sessine's culpability because they imposed enhancements for offense characteristics that, according to counsel, were part-and-parcel of the offense conduct. Sentencing Memorandum at 6-8. Additionally, Sessine argued that a sentence in the range of 151 to 188 months would exceed the sentence given to similarly situated defendants. Crim. Doc. 34-3, Sentencing Case Law.

Although Sessine's advisory Guidelines range called for a sentence of 151 to 188 months' imprisonment, and the prosecution advocated a sentence of 151 months, the Court was persuaded to sentence Sessine to a term of 75 months' imprisonment. The result of the sentencing hearing illustrates the competency of counsel's performance: the Court imposed a term of imprisonment that was more than six years below the low end of Sessine's Guidelines range. Thus, the record shows that counsel successfully put forth substantial evidence and argument pertaining to the sentencing factors under 18 U.S.C. § 3553(a), and Sessine fails to identify what other evidence or argument his counsel should have presented. Indeed, when given the opportunity to allocute, Sessine only expressed remorse and stated that "Ms. Yazgi [trial counsel] said basically everything I want to say." Sentencing Tr. at 26. Accordingly, Sessine's claim that counsel was ineffective at sentencing is due to be denied, because the record demonstrates that counsel competently argued the § 3553(a) factors and that Sessine did not suffer prejudice.

### B. Whether counsel advised Sessine prior to his guilty plea that he would only be sentenced to five years in prison

Next, Sessine claims that counsel gave ineffective assistance in the pre-plea stage by advising him that if he pled guilty, he would only be sentenced to five years in prison. Motion to Vacate at 1-2. Although he does not expressly say so, Sessine suggests that he would not have pled guilty had he known he would be sentenced to 75 months (six years, three months) in prison.

Strickland's two-part deficiency and prejudice test also applies to ineffective assistance claims arising from a defendant's decision to plead guilty. To prevail on his claim, Sessine must establish that his "counsel's representation fell below an objective

standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland, 466 U.S. at 688, 694) (internal quotation marks omitted).

The record refutes Sessine's allegation that counsel told him he would only be sentenced to five years in prison if he pled guilty. During the plea hearing, Sessine stated that he understood the district judge could sentence him anywhere between the statutory minimum and maximum sentence, and that the sentence could be more severe than any estimate his attorney had given him. Plea Tr. at 18. Sessine affirmed that he understood that the mandatory minimum sentence was five years in prison and the maximum sentence was twenty years in prison. See id. at 21-22, 34. When asked whether he knew what sentence he would receive, Sessine denied knowing as much, and he acknowledged that his sentence could be anywhere between five years and twenty years. Id. at 34. Sessine assured the Court that no promises or assurances had been made to him to induce him to plead guilty. Id. at 27, 33-35. Additionally, Sessine specifically assured the Court that he was not pleading guilty in reliance on any promise of a light sentence. Id. at 33, 34. Both Sessine's counsel and the prosecutor gave the Court the same assurances. Id. at 35.

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." Id. at 74. "The subsequent presentation of conclusory allegations unsupported

10

by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id.

Sessine's sworn statements at the plea colloquy contradict the allegation that counsel told him he would be sentenced to five years in prison if he pled guilty. Instead, the record reflects that counsel never promised Sessine a light sentence. Even if counsel merely estimated that Sessine would receive five years in prison, the Court cautioned Sessine not to rely on any such estimate. Accordingly, the record reflects that counsel did not perform deficiently by promising Sessine he would be sentenced to only five years in prison. The record further reflects that, in any event, Sessine did not suffer prejudice because he understood that regardless of any representations by counsel, the Court could sentence him anywhere between the statutory minimum and maximum sentences, and he chose to plead guilty anyway. As such, relief on this claim is due to be denied.

### C. Whether Sessine's sentence is unlawful in light of Booker

Relying (albeit not explicitly) on the Seventh Circuit's decision in Grigg, 442 F.3d 560, Sessine suggests that his sentence is unlawful in light of the Supreme Court's decision in Booker, 543 U.S. 220. In Booker, the Supreme Court held that mandatory application of the United States Sentencing Guidelines violates a defendant's Sixth Amendment right to have the jury determine facts that increase the maximum sentence. 543 U.S. at 230-37. As the remedy, the Supreme Court excised the portion of 18 U.S.C. § 3553 that gave the Guidelines mandatory application to most crimes, § 3553(b)(1). Id. at 245. Consequently, the Guidelines remained in place, but they now play only an advisory role in sentencing.

Booker did not specifically address § 3553(b)(2), which makes the Guidelines mandatory in cases involving sexual offenses and crimes against children. In Grigg, the Seventh Circuit Court of Appeals held that Booker invalidated § 3553(b)(2) as well, because there was no principled basis for distinguishing § 3553(b)(2) from § 3553(b)(1). 442 F.3d at 563-65. In doing so, the Seventh Circuit joined the Second and Tenth Circuit Courts of Appeals, which had also reached the same conclusion. Id. at 564 (citing United States v. Selioutsky, 409 F.3d 114, 117 (2d Cir. 2005); United States v. Yazzie, 407 F.3d 1139, 1146 (10th Cir. 2005); United States v. Sharpley, 399 F.3d 123, 127 n.3 (2d Cir. 2005)). The Seventh Circuit reasoned that § 3553(b)(2) contained the same fatal defect that doomed § 3553(b)(1) in that it gave the Guidelines mandatory application. Id. Accordingly, the Seventh Circuit held that § 3553(b)(2) was unconstitutional in light of Booker, and that the Guidelines must have only an advisory role in sentencing defendants convicted of sexual offenses or crimes against children. Id. ("In reaching this conclusion, we join the Second and Tenth Circuits and hold that § 3553(b)(2) is subject to the same remedy that Booker imposes: 'excising and severing' the mandatory language and replacing it with an 'advisory Guidelines regime' under which sentences are reviewed for reasonableness.") (citations omitted).

This Court need not decide whether Booker means § 3553(b)(2) is unconstitutional. Even granting that assumption, Sessine's sentence is lawful. The Court treated the Guidelines as advisory when it sentenced Sessine to a term of 75 months in prison, despite the fact that his Guidelines range was 151 to 188 months in prison. Had the Court treated the Guidelines as mandatory, Sessine would not have received the

sentence that he did. Accordingly, there was no Booker-like error in Sessine's sentencing, and this claim is due to be denied.

**D. Whether the Court can reconsider Sessine's sentence**

Finally, Sessine appears to argue that the Court should reconsider his sentence for a variety of reasons, including that: (1) defendants in a variety of other child pornography cases received lesser sentences, see Motion to Vacate at 3-4, (2) his belief that he is eligible to serve his sentence in a halfway house pursuant to the Second Chance Act, codified at 42 U.S.C. § 17541, see Motion to Vacate at 4, (3) his claim that he is eligible for a downward departure under U.S.S.G. § 5K2.22, which is available to sex offenders due to age or having an extraordinary physical impairment, Motion to Vacate at 4; and (4) his desire that the Court reconsider a host of personal factors that he contends warrant a lower sentence, Motion to Vacate at 5.

As the United States argues, Sessine essentially "urges this Court to reconsider his sentence and reduce it based on factors already considered at sentencing[.]" Response at 2. For example, each of the cases Sessine lists in the Motion to Vacate, in which a child pornography defendant received a lesser sentence than what Sessine did, was included in the sentencing memorandum that trial counsel submitted to the Court. Compare Motion to Vacate at 3-4 with Crim. Doc. 34-3, Sentencing Case Law. Likewise, nearly all of the personal factors that Sessine asks the Court to consider in his Motion to Vacate were already before the Court at sentencing. Compare Motion to Vacate at 5 with Sentencing Tr. at 17-26 and Sentencing Memorandum at 1-4, 5, 8-9. Although one of those personal factors was not before the Court – a claim that he suffered from sexual

13

abuse when he was younger, Motion to Vacate at 5 – that is because Sessine denied suffering from sexual abuse as a child. See Sentencing Tr. at 14; Response at 13-14.

The Court cannot entertain Sessine's effort to relitigate his sentence, through a motion to vacate under 28 U.S.C. § 2255, for at least two reasons. First, Sessine has not identified a sentencing error that is cognizable on collateral review. Second, Sessine has procedurally defaulted any challenge to the reasonableness of his sentence.

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc). Rather, "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (quoting United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)). In Spencer, the Eleventh Circuit held that a misapplication of the Guidelines' career offender enhancement is not an error that warrants collateral relief. 773 F.3d at 1138-40. The court explained that "[w]hen a prisoner, like Spencer, alleges that his sentence was imposed in violation of the ... laws of the United States ... or is otherwise subject to collateral attack, 28 U.S.C. § 2255(a), a district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 1138 (quoting Addonizio, 442 U.S. at 185) (internal quotation marks omitted). The court explained that a miscarriage of justice occurs where a defendant is actually innocent, or where a defendant's sentence is "unlawful," such as when the sentence exceeds the statutory maximum, or when the defendant and his counsel are

14

denied the right to be present at the sentencing hearing. Id. at 1138-39. However, lesser sentencing errors are not cognizable on collateral review. If a defendant has been sentenced below the statutory maximum, he can only establish that a sentencing error resulted in a miscarriage of justice by "prov[ing] either actual innocence of his crime or the vacatur of a prior conviction." Id. at 1139. A straight misapplication of the Guidelines' career offender provision, however, would fit neither exception.

Here, the last three pages of Sessine's Motion to Vacate fail to identify a sentencing error of the type that Spencer recognized as cognizable under § 2255. See Motion to Vacate at 3-5. Rather, Sessine essentially questions the Court's judgment in weighing the § 3553(a) factors, including whether the Court adequately considered unwarranted sentencing disparities in relation to other child pornography defendants, the availability of alternative sentences (such as home confinement), the application of the United States Sentencing Guidelines, and his personal history and characteristics. However, Sessine does not argue that there was a constitutional error at sentencing; that his sentence exceeded the statutory maximum; that he is actually innocent of the offense of conviction; or that he is actually innocent of any prior conviction used to enhance his sentence. Thus, Sessine does not identify a sentencing error that "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." Spencer, 773 F.3d at 1138. See also Grant v. United States, 15–21409–CIV–COHN, 2015 WL 10575897, at *10-11 (S.D. Fla. Dec. 29, 2015) (concluding that a challenge to the reasonableness of a sentence based on a court's weighing of the 18 U.S.C. § 3553(a) factors is not cognizable on collateral review). As such, the Court cannot grant § 2255
15

relief on Sessine's claim that the Court should reconsider his sentence based on factors that were or could have been raised at sentencing.

Second, Sessine's effort to have the Court reconsider his sentence resembles a challenge to the procedural or substantive reasonableness of the sentence – a challenge appropriately raised on direct review. However, "[c]ourts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citing United States v. Frady, 456 U.S. 152, 165 (1982)). As such, the general rule is that a defendant must assert all available claims on direct review. Id. (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234 (citations omitted).

A challenge to the procedural or substantive reasonableness of the sentence is the type of claim that could have been raised on direct appeal. See Grant, 2015 WL 10575897, at *10 ("Because Movant's challenge to the reasonableness of his sentence did not require further factual development and was therefore available on direct appeal, any failure to raise the sentencing argument in that direct appeal would bar his doing so in this collateral proceeding."). Sessine, however, did not attempt to challenge the reasonableness of his sentence on direct appeal. As such, the claim is procedurally defaulted. Moreover, Sessine has not attempted to excuse the procedural default by demonstrating "cause and prejudice."[4]

---

[4] Sessine waived the right to directly appeal his sentence, but a knowing and voluntary sentence-appeal waiver does not establish "cause" for procedurally defaulting a claim that would

Because Sessine procedurally defaulted any challenge that his sentence was substantively or procedurally unreasonable, and because Sessine has not identified a sentencing error that is cognizable on collateral review, Sessine's request that the Court reconsider his sentence is due to be denied.

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Sessine seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Sessine "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

---

have been cognizable on direct appeal. Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001); United States v. Pipitone, 67 F.3d 34, 38-39 (2d Cir. 1995).

find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby

**ORDERED:**

1. Petitioner John George Sessine's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk shall enter judgment in favor of the United States and against John George Sessine, and close the file.

3. If Sessine appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of April, 2017.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Pro se petitioner
Counsel of record